hPER CURIAM. *
Granted in part; denied in part. Although “mere declaratory descriptions of incriminating evidence do not invariably constitute interrogation for Miranda purposes,” United States v. Payne, 954 F.2d 199, 202 (4th Cir.1992) (emphasis added), and no fixed rule exists that “all such statements are objectively likely to result in incriminating responses by those in custody,” id., 954 F.2d at 203, “whether descriptions of incriminating evidence constitute the functional equivalent of interrogation will depend on circumstances that are too numerous to catalogue.” Id. In this ease, when police responded to the defendant’s request for an attorney during the November 4, 1994 stationhouse interrogation by handing the defendant the arrest report, arrest warrant, and the warrant’s supporting affidavit listing the evidence, and giving him misleading advice that this moment represented his “only chance” to tell them his side of the story, the officers went beyond simply informing the defendant of the basis for “why he was being held.” Enoch v. Gramley, 70 F.3d 1490, 1500 (7th Cir.1995), cert. denied, - U.S. -, 117 S.Ct. 95, 136 L.Ed.2d 50 (1996). By suggesting that the defendant had only this one opportunity to respond to the evidence arrayed against him, the officers pressured him to continue speaking with them, Rthereby foregoing his previously invoked right to have counsel present. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In combination, the officers’ actions and words were reasonably likely to elicit an incriminating response and amounted to the functional equivalent of interrogation. Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); State v. Koon, 96-1208 (La.5/20/97), 704 So.2d 756, cert. denied, — U.S. -, 118 S.Ct. 570, 139 L.Ed.2d 410 (1997); State v. Abadie, 612 So.2d 1, 6 (La.1993), cert. denied, 510 U.S. 816, 114 S.Ct. 66, 126 L.Ed.2d 35. 510 U.S. 816, 114 S.Ct. 66, 126 L.Ed.2d 35 (1993). Interrogation by deputies then continued at the jail. See United States v. Webb, 755 F.2d 382 (5th Cir.1985).
The trial court therefore erred in admitting the defendant’s November 4, 1994 state- *697 merits. The case is remanded to the court of appeal to determine whether admission of the Edwards-defective statements was harmless. See Koon, 96-1208 at 9-14, 704 So.2d at 763-766; State v. Corley, 633 So.2d 151 (La.1994); State v. Lee, 524 So.2d 1176, 1191 (La.1987). In all other respects, the application is denied.
LEMMON, J., would grant and docket.

 Traylor, J., not on panel. See Rule IV, Part II, Sec. 3.